UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOWER SUSQUEHANNA RIVERKEEPER ASSOCIATION<br>2098 Long Level Road<br>Wrightsville, PA 17368<br><br>      Plaintiff,<br><br>  v.<br><br>FEDERAL HIGHWAY ADMINISTRATION,<br>U.S. Deparment of Transportation, and<br>SHAILEN BHATT, Administrator, Federal Highway Administration,<br><br>      Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

**COMPLAINT**

Plaintiff, Lower Susquehanna Riverkeeper Association, on behalf of itself and its members, complains as follows:

**I. NATURE OF ACTION**

1. This action concerns the proposed Eisenhower Drive Extension Project (EEP) located in York and Adams Counties, Pennsylvania that would extend Eisenhower Drive from its current terminus via a new roadway through Conewago Township. The U.S. Department of Transportation Federal Highway Administration (FHWA) and the Pennsylvania Department of Transportation Engineering District 8-0 (PennDOT) issued an Environmental Assessment (EA) in which FHWA made a Finding of No Significant Impact (FONSI) regarding the EEP. The FHWA's FONSI violates the National Environmental Policy Act (NEPA), 42 U.S.C. § 4301 *et seq.*, in that the FHWA is engaging in a major federal action which significantly impacts the quality of the environment without the preparation of an Environmental Impact Statement (EIS) as required by

1

NEPA. The action is controversial in that FHWA proposes to use federal funds to benefit private landowners in a way which has harmful effects on the integrity of the surrounding area and its natural resources. For these reasons, the FHWA's action is arbitrary, capricious, contrary to law, and therefore in violation of the Administrative Procedure Act (APA).

2. Plaintiff seeks a declaration that Defendants have violated NEPA and the APA. Plaintiff also seeks injunctive relief preventing the Defendants from implementing the EEP until they have satisfactorily fulfilled their statutory obligations under NEPA by preparing a full EIS.

## II.     JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (declaratory judgment), and 5 U.S.C. § 702 (APA).

4. Venue in this Court is proper under 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e) because all or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district, and Defendant FWHA, having authority over the action or inactions alleged herein, has offices located in this judicial district.

## III.    PARTIES AND STANDING

5. Plaintiff LOWER SUSQUEHANNA RIVERKEEPER ASSOCIATION (Lower Susquehanna) is a non-profit watershed association dedicated to improving and protecting the ecological integrity of the Susquehanna Watershed and Chesapeake Bay. It currently serves over 400 members in Pennsylvania. Members of Lower Susquehanna live near, use, recreate, and/or are keenly interested in the activities of the EEP, which directly affect and impact the economic, aesthetic, and/or recreational interests of Lower Susquehanna members.

6. Defendant U.S. DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION is the Federal Agency responsible for and charged with the task

of ensuring the EEP follows the regulations and laws that govern the project, including NEPA and APA.

7.  Defendant SHAILEN BHATT is the Administrator of the Federal Highway Administration and is responsible for its compliance with all laws in connection with highway projects. References to Defendant Bhatt include his predecessors, successors, and subordinates. He is sued in his official capacity.

8.  Plaintiff brings this action on behalf of its members, many of whom reside adjacent to or within the proximity of the EEP's proposed location. The above-described educational, aesthetic, and recreational interests of the Plaintiff and its members have been, are being, and will continue to be adversely affected and irreparably injured by the Defendants' failure to prepare an EIS to determine whether the Proposed Action will significantly impact the environment and wildlife at or near the EEP's proposed location. The relief sought in this action, if awarded, will redress the harm by ensuring that the EEP's designation will not jeopardize the habitat and wildlife, or unduly limit educational, recreational, scientific, and aesthetic use and enjoyment of areas within and surrounding the EEP's proposed location. Therefore, Plaintiff's organization brings this action on behalf of itself and its members.

### IV.  LEGAL BACKGROUND

*National Environmental Policy Act*

9.  The National Environmental Policy Act of 1969 sets forth substantive environmental quality goals for the government and the nation. *See* 42 U.S.C. § 4311. Under NEPA, every agency of the United States Government must include an EIS in every "recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C).

10. NEPA's implementing regulations, promulgated by the Council on Environmental Quality (CEQ), provide that if the action is not covered by a categorical exclusion from NEPA, the agency must prepare an EA to determine whether an EIS is required. 40 C.F.R. § 1501 4(a)-(c). If the action is one that normally requires an EIS, the agency is to prepare an EIS without first preparing an EA. *Id.*, § 1501 4(a) and (b); § 1501 3(a).

11. In performing an EA, NEPA identifies a "hard look" standard of whether or not there will be a significant impact on the human environment. *See Raymond Proffitt Found v. U.S. Army Corps of Engineers*, 175 F. Supp. 2d 755, 770 (E.D. Pa. 2001); *see also Don't Ruin Our Park v. Stone*, 802 F. Supp. 1239, 1246 (M.D. Pa. 1992).

12. To accomplish its purpose, NEPA requires that all federal agencies prepare a "detailed statement" regarding all "major federal actions significantly affect the quality of the human environment." 42 U.S.C. § 4332(C). This statement, the EIS, must describe the "environmental impact of the proposed action" and evaluate less environmentally harmful alternatives to the proposal. 42 U.S.C. § 4332.

13. The CEQ regulations define the term "significantly" as used in NEPA to determine when an EIS is necessary: require consideration of the unique characteristics of the impacted geographical area, such as park lands, wetlands, ecologically critical areas, or prime farmland, *id.* § 1508.27(b)(3); "the degree to which the effects on the quality of the human environment are likely to be highly controversial," *id.* § 1508.28(b)(4); "the degree to which the possible effects on the environment are highly uncertain or involve unique or unknown risks," *id.* § 1508.27(b)(5); and "whether the action threatens a violation of Federal, State, or local law or requirements imposed for the protection of the environment." *Id.* § 1508.28(b)(10).

14. NEPA requires that agencies "study, develop, and describe alternative to recommended courses of action in any proposal which involves unresolved conflicts concerning alternative uses of available resources," even when an EIS is not required. 42 U.S.C. § 4332(E); 40 C.F.R. § 1508.9(b).

15. NEPA's implementing regulation at 40 C.F.R. §§ 1500.1(b) provides in part that:

> NEPA procedures must ensure that environmental information is available to public officials and citizens before decisions are made and before actions are taken. The information must be of high quality. Accurate scientific analysis, expert agency comments, and public scrutiny are essential to implementing NEPA. ….

16. The CEQ regulations at 40 C.F.R. § 1506.1 further provide that:

> (a) Until an agency issues a record of decision [on an EIS] … no action concerning the proposal shall be taken which would:
>     (1) Have an adverse environmental impact; or
>     (2) Limit the choice of reasonable alternatives.

*Administrative Procedure Act*

17. Under the APA, courts "shall compel agency action unlawfully withheld or unreasonably delayed" 5 U.S.C. § 706(1), and hold unlawful and set aside agency action, findings, and conclusions found to be "…arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2). Courts may only review a final agency action, 5 U.S.C. § 551, and "agency action" includes a "failure to act." *Id*.

**V.   FACTUAL BACKGROUND**

18. In November 2014, PennDOT re-initiated the EEP involving extending Eisenhower Drive through Conewago Township in York and Adams Counties, Pennsylvania.

19. On January 18, 2022, Defendants proposed a Draft EA for the EEP.

20. The Draft EA proposed a "preferred option" detailing miles of new highway construction, which will affect the surrounding acres of farmland, waterways, wetlands, and

5

historic properties, including but not limited to the Poist Chapel Farm, the Devine Chapel Farm, and the Henry Hostetter Farm.

21. On February 23, 2022, a Joint Public Hearing was held at the Southeastern Adams Volunteer Emergency Services facility.

22. On April 28, 2022, Plaintiff notified Defendants of their NEPA violation via letter and listed serious material concerns to Defendants' Draft EA.

23. Plaintiff's letter emphasized the need for an EIS based on the environmental impacts conceded by the FHWA in the Draft EA. Further, Plaintiff's letter outlined several serious environmental concerns and reasonable alternatives that were not addressed in the Draft EA. Specifically, concerning the Draft EA, Plaintiff argued that:

> (1) the "karst like" physiographic characteristics of the landscape noted closed depressions and sinkholes throughout the project area, which creates a concern of stormwater collection affecting the accelerated rate of sinkhole development;
> (2) the lack of assessing groundwater and well water contamination;
> (3) the myopic view of the nearby streams and wetlands did not consider the cumulative effects of the Lower Susquehanna River and Chesapeake Bay watershed, including but not limited to: increasing pollutant-laden runoff into nearby streams, removing or interrupting wetlands' natural ability to remove pollutants through physical, chemical, and biological processes, erosion control, flood abatement, habitat enhancement, water supply, recreation, partnerships, education, and increasing compensatory mitigation;
> (4) the bisecting of apparent wildlife corridors, affecting Threatened and Endangered Species, as well as fish communities' natural migration;
> (5) FEMA floodplain zones classified as both A and AE need to be identified and evaluated, considering the high-density residential areas downstream whose homes and communities have a high probability of being adversely impacted;
> (6) it does not factor in climate change when calculating flood damage potential;
> (7) it does not fully assess the cumulative impact analysis of the establishment of highway and associated infrastructure in areas outside of the existing developed area, creating additional impacts to farmland, streams, and wetlands;
> (8) the proposed location area disturbs forty acres of productive agricultural land with precious soil that has enormous benefits to human and livestock consumption; and

(9) a lack of alternative proposals, leaving an "all or nothing" approach.

24. On September 23, 2022, the FHWA issued a Final Section 4(f) Evaluation determining that "all possible planning has been undertaken to minimize harm to the Section 4(f) properties."

25. On October 20, 2022, Plaintiff submitted to Defendants the analysis of Charles Dutill, P.E. Mr. Dutill's analysis suggested several problems with the Draft EA, including the failure to consider various alternatives to the proposed EEP.

26. On January 3, 2023, the FHWA issued a FONSI for the EEP.

27. In the Draft EA and FONSI, and despite multiple concerns raised by Plaintiff and the public, FHWA concluded that the EEP would have no significant impact to the human environment.

28. To date, no EIS has been performed by the Defendants.

## FIRST CAUSE OF ACTION

## THE DEFENDANTS HAVE VIOLATED NEPA

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 as if set forth herein.

30. All claims set forth within this Count should be deemed to include all subsidiary claims which can reasonably be inferred from the allegations contained herein.

31. The issuance of an EA and FONSI under NEPA is a final agency action under 5 U.S.C. § 701. Execution of a MOA with a state agency for purposes of extending Eisenhower Drive is also a final agency action under 5 U.S.C. § 701.

32. The Defendants violated NEPA by predetermining the location of the roadway extension prior to the completion of an EIS for the EEP or otherwise failing to consider adequately alternatives to the EEP.

33. Because the EEP roadway extension will be a major Federal action that has potential environmental consequences, is highly controversial, and has unknown risks, Defendants have violated Section 4332(2)(C) of NEPA by failing to prepare a full EIS and take the requisite hard look under NEPA.

34. Defendants' final agency actions described herein violate Section 706 of the APA, 5 U.S.C. § 706, in that Defendants acted arbitrarily, capriciously, abused their discretion, and failed to act in accordance with the law by failing to adhere to NEPA and its implementing regulations which require taking the requisite hard look and the preparation of an EIS where the action is likely to have significant impact on the environment.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants have violated NEPA by issuing a FONSI and failing to prepare an EIS for the EEP, a major Federal action that will have significant environmental consequences;

B. Declare that Defendants have violated NEPA by failing to conduct an EIS for the MOA with PHMC;

C. Issue preliminary and permanent injunctive relief barring Defendants from proceeding with the projected outlined in the Draft EA of constructing new highway until compliance with NEPA is achieved;

D. Award Plaintiff its costs and reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. §2412, or other applicable statutes; and

E. Grant Plaintiff such further relief as this Court deems to be just, proper, and equitable.

Respectfully submitted,

LOWER SUSQUEHANA RIVERKEEPER ASSOCIATION

By: ___/s/___Kenneth T. Kristl_____

Kenneth T. Kristl, Esq. (DE Bar #5200)
Environmental and Natural Resources Law Clinic
Widener University Delaware Law School
4601 Concord Pike
Wilmington, DE 19803
Tel: (302) 477-2053
Fax: (302) 477-2032
ktkristl@widener.edu

*Attorney for Plaintiff*